UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIARA NICOLE RIVERA,

                              Plaintiff,

                                                                         Case # 15-CV-6626-FPG

v.

                                                                               ORDER DISMISSING CASE

NANCY A. BERRYHILL[1],
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

        On February 8, 2017, Plaintiff was ordered to show cause in writing by February 17, 2017, why this case should not be dismissed for her failure to prosecute this action. ECF No. 14. Despite the Order's explicit warning that Plaintiff's failure to respond would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), Plaintiff has not responded to the Order.

        Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

        A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court's Standing Order regarding Social Security cases requires a plaintiff to file a brief "within 60 days of the date on which the defendant files the certified transcript of administrative proceedings."  The transcript was filed in this case on March 1, 2016, and the Plaintiff has yet to file anything.  After the transcript was filed, Plaintiff's attorneys moved to withdraw as counsel of record because Plaintiff discharged them from representation.  ECF No. 10, at 1.  On December 7, 2016, the Court granted the motion and informed Plaintiff that, unless a new attorney filed a Notice of Appearance, the Court would assume that she was proceeding *pro se* and directed her to file a dispositive motion by January 25, 2017.  ECF No. 13.  Since then, Plaintiff has not contacted the Court or filed anything with the Clerk.  While the Court has attempted to provide Plaintiff with a fair opportunity to be heard, she refuses to prosecute this action.

Due to her failure to prosecute this action, Plaintiff was ordered to show cause and was warned that the failure to do so would result in the dismissal of her case.  ECF No. 14.  Despite that warning, Plaintiff ignored the Order.  Since Plaintiff has refused to prosecute this action and to respond to the Court's Orders, there is no sanction less drastic than dismissal that would be effective.

Due to Plaintiff's failure to comply with the Court's Orders, and because Plaintiff has not communicated with the Court to explain or correct the noncompliance despite being warned of

the consequences of failing to respond, the Court finds that dismissal is appropriate, and this action is hereby DISMISSED WITH PREJUDICE.  The Clerk of Court shall close this case.

    IT IS SO ORDERED.

Dated: February 27, 2017
       Rochester, New York

                                                                HON. FRANK P. GERACI, JR.
                                                                 Chief Judge
                                                                 United States District Court