UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIARA NICOLE RIVERA,

                                    Plaintiff,

                                                                                            Case # 15-CV-6626-FPG

v.

                                                                                            DECISION AND ORDER

NANCY A. BERRYHILL[1],
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

**INTRODUCTION**

On March 2, 2018, the Court received a letter dated April 20, 2017 from *pro se* Plaintiff Tiara Nicole Rivera. ECF No. 17. Plaintiff asks the Court to reconsider its dismissal of her Social Security appeal and to decide her case on the merits. For the reasons that follow, Plaintiff's request is DENIED.

**BACKGROUND**

Plaintiff was represented by counsel when she filed this action on October 16, 2015. ECF No. 1. On March 3, 2016, Plaintiff's attorney moved to withdraw as counsel of record. ECF No. 10. On December 7, 2016, the Court granted that motion and indicated that, unless a new attorney filed a Notice of Appearance, it would assume that Plaintiff was proceeding *pro se*. ECF No. 13. The Court directed Plaintiff to file a dispositive motion by January 25, 2017. *Id.*

After the Court issued its December 7, 2016 Order, no attorney filed a Notice of Appearance, and the January 25, 2017 motion deadline passed without Plaintiff filing a motion or otherwise communicating with the Court. Thus, on February 8, 2017, the Court ordered Plaintiff

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

to show cause by February 17, 2017 why this case should not be dismissed for failure to adhere to the Court's dispositive motion deadline. ECF No. 14; *see* Loc. R. Civ. P. 41(b). The Court's Order warned Plaintiff that her action would be dismissed if she did not respond. ECF No. 14 at 2.

Despite this warning, Plaintiff did not respond to the Court's Order, and on February 28, 2017, the Court dismissed her case. ECF No. 15. On March 1, 2017, the Clerk of Court entered judgment and closed this case. ECF No. 16.

## DISCUSSION

Plaintiff's letter indicates that she failed to respond to the Court's orders because she "was living at a different address." ECF No. 17 at 1. Pursuant to Local Rule of Civil Procedure 5.2(d), however, a *pro se* party

> *must* furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address they provide. The Court must have a current address at all times. Thus, a *pro se* litigant *must inform the Court immediately, in writing, of any change.*

Loc. R. Civ. P. 5.2(d) (emphasis added). Thus, it was Plaintiff's responsibility to inform the Court of her current address. Moreover, pursuant to Rule 5.2(d), the Court assumed that Plaintiff received the orders sent to her provided address, and none of the Court's orders were returned as undeliverable.

Local Rule of Civil Procedure 5.2(i) instructs that "[a]ll *pro se* litigants shall become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, including those rules with special provisions for *pro se* litigants." Loc. R. Civ. P. 5.2(i). Rule 5.2(i) also explicitly warns that a *pro se* party's "[f]ailure to comply with the Federal

Rules of Civil Procedure and Local Rules of Civil Procedure may result in the dismissal of the case, with prejudice." *Id.*

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

As the Court explained in detail when it dismissed this case over one year ago (ECF No. 15), a weighing of the requisite factors indicated that dismissal was appropriate here. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (outlining the five factors for a district court to weigh when considering a Rule 41(b) dismissal). After engaging in this analysis, the Court concluded that dismissal was warranted based on Plaintiff's failure to communicate with the Court, file anything with the Clerk, or otherwise prosecute this action.

Accordingly, for the reasons stated, the Court declines to reopen Plaintiff's case.

IT IS SO ORDERED.

Dated: March 7, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court